UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No: 4:00-CV-127-H(4)

FILED
AUG 10 2000
David W. Daniel, Clerk
US District Court, EDNC
By ___ TC
Dep. Clerk

| | |
|---|---|
| Domestic Fabrics Corporation | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| Sears, Roebuck & Co. | ) |
| Defendant. | ) |

1)    This is an action for patent infringement pursuant to 35 U.S.C. § 271. Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a). Venue is proper in this district under 28 U.S.C. § 1391(c) and § 1400(b).

2)    Domestic Fabrics Corporation ("Domestic Fabrics") is a corporation organized under the laws of North Carolina and has its principal place of business in Kinston, North Carolina.

3)    Upon information and belief, Sears, Roebuck & Co. ("Sears") is a corporation having its principal place of business in Illinois. Upon further information and belief, Sears has continuous and systematic business contacts within the State of North Carolina and this judicial district.

4)    Domestic Fabrics is the owner of U.S. Patent No. 5,636,533 (the '533 patent) for a composite fabric with integral thermal layer. A copy of the patent is attached as Exhibit 1.

5)    Upon information and belief, Sears manufactures and/or imports a number of products (the Sears products) which are sold, and/or offered for sale, by Sears throughout the United States, including the State of North Carolina, which infringe the '533 patent.

6)    Specifically, and upon information and belief, Sears has sold and offered for sale garments under the trademark Canyon River Blues and RN #15099. Upon information and

belief, these Canyon River Blues garments incorporate a knit construction that infringes one or more claims of the '533 patent.

7)     Upon information and belief, Sears has sold, and/or offered to sell, the Sears products knowing that such sales and/or offers are an infringement of the '533 patent.

WHEREFORE, Domestic Fabrics prays that this Court grant the following relief:

1)     That Sears be enjoined from making, using, selling, or offering to sell the Sears products that infringe the '533 patent;

2)     That Sears be ordered to pay damages on profits lost by Domestic Fabrics as a result of the infringement of its patent or, at a minimum, pay damages equal to a reasonable royalty on all infringing Sears products;

3)     That the Court find the infringement by Sears to be willful;

4)     That the Court award Domestic Fabrics its costs and reasonable attorneys fees; and

5)     That Domestic Fabrics be granted such other relief as the Court may deem just and proper.

# Note:

## This Is Only A Partially Scanned Document.

## Please See The Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned.