IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:00-CV-127-H4

DOMESTIC FABRICS CORP.,
    Plaintiff,

v.    ORDER

SEARS ROEBUCK & CO.,
    Defendant.

This matter comes now before the court at direction of the Honorable Malcolm J. Howard, U.S. District Court Judge, and upon motion of defendant filed October 5, 2001 to extend the time for filing case dispositive motions to a date at least thirty (30) days following a determination on the interpretation of the disputed claim terms of U.S. Patent No. 5,636,533, in the event the court's claim interpretation does not result in summary judgment of non-infringement. An October 19, 2001 deadline for filing of dispositive motions currently is in effect.

Plaintiff vigorously opposes in its response filed October 10, 2001 any further extension of this deadline on grounds including that defendant already has filed its motion for summary judgment for noninfringement, that plaintiff stands ready to file its dispositive motion as to infringement on or before the current deadline, and defendant should not be allowed "multiple bites at the apple" through successive summary judgment motions prior to the court's interpretation of disputed claims.

Upon referral of the instant motion the undersigned ascertained that there has been an inadvertent delay by the Clerk of Court of approximately two months in referring the briefs and other materials submitted by the parties in furtherance of the

district court's determination, pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996)(the "Markman determination"), of the disputed claim terms. Provision for said determination is made a part of court's order of July 2, 2001, which two-steps the district court's decisional process in this patent infringement case pursuant to request of the parties and concurrence of the court.[1]

It reasonably was anticipated that the Markman determination would be made sufficiently in advance of the substantive motions filing deadline also set out in the court's July 2, 2001 order and that the case would progress upon the orderly course envisioned in Markman, promoting decision first upon disputed terms and claims of a patent, creating the framework as necessary for the parties subsequently to argue issues pertaining to infringement or noninfringement within the scope and meaning of the claims as determined by the court.

Unfortunately, the schedule previously set out cannot now be

---

[1] The consensus about the need for an early Markman determination evidenced itself in the parties' joint motion requesting this. However, disagreement between the parties developed at hearing, where plaintiff argued for a complete separation of the claims interpretation process from the process of deciding infringement or noninfringement. Defendant argued at hearing that the necessary result of its interpretation is that there can be no infringement, supplementing this later in writing urging that "[i]t simply makes sense to file one brief with an additional two pages at the most, with a conclusion on noninfringement or infringement." Plaintiff responded that a complexity exists not recognized by defendant which compels separation of claims construction from infringement in the case and that this process "promotes a focused and concise presentation of the issues, and would lead to a more efficient record." The July 2, 2001 order focused upon establishing a schedule for the jointly requested Markman determination while acknowledging this disagreement. It held that no party would be prohibited in the briefs from arguing that a particular outcome must follow if its claim interpretation is adopted in the initial phase of decision-making by the court, or, stated differently, from filing a dispositive motion well before the motions filing deadline. However, this was followed with comment that the district court may decide it appropriate to delay any decision upon issues pertinent to infringement or noninfringement. See supra note 2.

adhered to, as there can be no Markman determination in advance of the October 19, 2001 motions filing deadline. The extensive briefs and materials on this issue have come to the district court only several days ago and the district court is engaged now in criminal trial, immediately expected to be followed by several other criminal trials.

So as to adjust the decisional schedule of the case, to promote its fair and efficient administration, and to mitigate any perception of prejudice to either party caused by the fact that there can be no Markman determination prior to October 19, 2001, the court makes the following rulings and announcements:

1. The court voids those portions of its July 2, 2001 order extending the time for filing of case dispositive motions up to and until October 19, 2001 and setting trial for January 21, 2002.

2. The court announces that the district court will defer from taking up motion for summary judgment on noninfringement previously submitted on behalf of defendant and shall limit its initial ruling explicitly to the Markman determination.[2]

3. Plaintiff, who affirms in response to the instant motion that it stands ready to comply with the October 19, 2001 motions filing deadline even though the Markman determination has not yet been made by the court, now may refrain from filing such motion as the district court

---

[2] This deferral, borne in the immediate by need upon direction of the district court to reconstruct the decisional schedule to promote efficiency and fairness, was commented upon with prospective deference to the district court's ordering of the decisional process in this court's July 2, 2001 order. Said order states in part "[a]lthough no party in this case will be prohibited from including in its briefs as to the Markman determination endorsement of an outcome pertaining to infringement or noninfringement or from filing dispositive motion in accordance with the Federal Rules of Civil Procedure and this court's Local Rules, in advance of the October 19, 2001 dispositive motions filing deadline adopted herein, the district court in its discretion may defer ruling on any infringement issue raised prior to the making of the Markman determination according to what it deems promotes the most efficient and fair process for resolution of the underlying dispute." This deferral is now deemed appropriate by the district court.

also will defer consideration of any such motion of plaintiff addressing infringement prior to its making the <u>Markman</u> determination.[3]

4. Both parties will be allowed twenty (20) days from date of entry of the ruling interpreting disputed terms and claims of the patent at issue to make motion or supplement that previously made as to infringement or noninfringement within the scope and meaning of the claims determined by the court.

5. New date for trial will be set at or around the time the <u>Markman</u> determination is made.

Based on the foregoing, defendant's motion to extend the time for filing case dispositive motions to a date at least thirty (30) days following a determination on the interpretation of the disputed claim terms of U.S. Patent No. 5,636,533, in the event the court's claim interpretation does not result in summary judgment of non-infringement is denied as moot.

SO ORDERED, this the 11th day of October, 2001.

LOUISE W. FLANAGAN
United States Magistrate Judge

---

[3] While the current circumstance of delayed transmittal of the briefs and materials obviously was not envisioned, the court's prior order notices, as discussed, that efficiency and fairness may dictate a separation of the issues. Again, it appears to the court in today's light that the most efficient and best course is to defer consideration of speculative briefing on infringement versus noninfringement and focus solely now on the issue of claim interpretation. The infringement issue can then come before the court with benefit of pointed briefing of parties who know of the court's determination of the meaning of the claims. This more focused approach, argued in the first instance by plaintiff, appears the most appropriate course now in view of court's inability to adhere to the previously established case schedule and may serve to avoid unnecessary litigation expense. It is in this spirit that plaintiff is informed it may refrain from extensive briefing now of any dispositive motion not able to be based upon the court's determination of the meaning of the claims. If such is filed, it will not in any event be considered until the district court makes its <u>Markman</u> determination.