IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:00-CV-127-H(4)

| | |
|---|---|
| DOMESTIC FABRICS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>SEARS, ROEBUCK & CO., )<br>)<br>Defendant. )<br>) | **MEMORANDUM**<br>**and**<br>**RECOMMENDATION**<br><br>CIV OB #70, P-89 |

In this patent infringement action, wherein plaintiff alleges defendant has infringed its U.S. PATENT NO. 5,636,533 ("the '533 patent"), numerous motions within the ambit of the district court's referral remain upon the docket, including: (1) plaintiff's motion for summary judgment filed June 28, 2002; (2) motion of plaintiff to strike, challenging the admissibility of certain evidentiary materials submitted in opposition to its summary judgment motion and, therefore, the propriety of the defendant's response to its motion which relies upon these declarations and exhibits, filed August 16, 2002; and (3) defendant's motion for entry of final judgment on liability and to stay consideration of damages (including willfulness) pending appeal under 28 U.S.C. 1292(c)(2), filed October 29, 2002. Responses have been made, replies received, including most recently that reply filed December 6, 2002 by defendant to plaintiff's response to its motion for entry of final judgment on liability. The court now takes the matter up in

accordance with prior order of referral.

I.  **STATEMENT OF THE CASE**

This case came previously before the undersigned upon order of the Hon. Malcolm J. Howard, United States District Judge, entered November 15, 2001, for hearing and submission to the court of recommendation for disposition as to the disputed terms and claims of the patent at issue, in accordance with Markman v. Westview Instruments, Inc., wherein the United States Supreme Court unanimously affirmed the Federal Circuit's en banc ruling that claim interpretation is exclusively within the province of the court. 517 U.S. 370, 391, 116 S.Ct. 1384, 1396 (1996), aff'g 52 F.3d 967, 979 (Fed. Cir. 1995). The earlier memorandum and recommendation contains a detailed statement of the background of the case, and I rely upon that prior recitation also in this instance, where the matter renews itself pursuant to Judge Howard's order entered May 22, 2002. In that order, over objection of defendant, the court adopted the undersigned's memorandum and recommendation filed March 4, 2002, finding that:

> [T]he '533 patent is for a composite, double knit fabric having two layers, referred to as the "inner layer" and the "outer layer", which are terms of reference to distinguish the two layers of fabric. The term "inner layer" refers to the layer of the fabric with the air pockets. The term "outer layer" refers to the layer opposite the inner layer. The term "air pockets" as used in the '533 patent means voids.

May 22, 2002 Order. In the order, the court referred summary judgment motions submitted in the case then pending and/or to be

2

filed, to the undersigned, for memorandum and recommendation, on the issue of patent infringement.

Advancing its contention that the question of infringement turns upon the question of claims interpretation, defendant had moved for summary judgment of noninfringement on July 20, 2001, upon its interpretation of the claims argued to the court in briefing requested in furtherance of the Markman determination. Subsequent to determination of the claims in favor of the position espoused by plaintiff in the case, plaintiff filed its motion for summary judgment on June 28, 2002, together with supporting memorandum and numerous evidentiary materials, including stipulation of defendant that based upon the court's order on claims construction, garments sold by defendant under the labels "Canyon River Blues," "Trader Bay," and "Classic Elements" infringe the '533 patent.

Defendant reframed in that stipulation its defensive position also by abandoning its fourth affirmative defense of unclean hands. However, it renewed its second affirmative defense of laches and estoppel, asserting that prosecution delays unfairly prejudiced it, and its third affirmative defense, asserting the invalidity of the '533 patent for failure to comply with requirements of 35 U.S.C. 112. Defendant also separately responded in opposition to the motion for summary judgment, submitting numerous evidentiary materials, including affidavits of Carol McCormick, Paul C. Miltonberger, and William H. Baker. These affidavits, together with

3

Exhibits N, O, Q, R, S, V, AA, CC, DD, and EE to defendant's response to plaintiff's motion for summary judgment, and the response itself, are the subject of a separate motion by plaintiff to strike, challenging the admissibility of the evidentiary materials and, therefore, the propriety of the response which relies upon these declarations and exhibits. Approximately one month after the close of the briefing, defendant filed a document entitled "Confirming Stipulation of Sears, Roebuck and Co. to Withdrawal of Affirmative Defenses of Laches/Estoppel and Invalidity." Herein, defendant narrows the issues further, and affirmatively stipulates through counsel "to the withdrawal also of its Second Affirmative Defense premised upon laches and estoppel, and its Third Affirmative Defense, contesting the validity of the '533 patent. Defendant also filed October 29, 2002 that motion previously noted, captioned "Sears Motion to Enter Final Judgment on Liability and to Stay Consideration of Damages (Including Willfulness) Pending Appeal Under 28 U.S.C. 1292(c)(2)," together with supporting memorandum, to which plaintiff has responded and reply made December 6, 2002.

## II. COURT'S DISCUSSION

Victory in a patent infringement action requires a finding that the patent claim covers the alleged infringer's product or process which, in turn, necessitates a determination of what the words in the claims mean. <u>Markman</u>, 517 U.S. 370, 374, 116 S.Ct.

4

1384, 1388. Therefore, the first step in an infringement analysis involves construing the meaning and scope of the patent claims asserted to be infringed. Markman, 52 F.3d at 976; Smith Industries Medical Systems, Inc. v. Vital Signs, Inc., 183 F.3d 1347, 1353 (Fed. Cir. 1999). Claims construction presents a question of law. Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1304 (Fed. Cir. 1999), citing Markman, 52 F.3d 967, 979, aff'd 517 U.S. 370, 116 S.Ct. 1384. That question of law put forward to the court having been answered in the case, where the undersigned eschewed defendant's interpretation seeking to transform the invention from a fabric into a garment, the issue of infringement now is presented. Defendant has stipulated that under the court's construction of the '533 patent, its current use of plaintiff's fabric in the "Canyon River Blues," "Trader Bay," and "Classic Elements" lines of clothing constitutes infringement.

Therefore, the substantive determinations pending before the court are as follows: (1) whether defendant's infringement was wilful; (2) the amount of reasonable royalties due plaintiff; and (3) the admissibility of defendant's proffered evidence submitted in opposition to plaintiff's motion for summary judgment. Defendant contends, and this court agrees, that the pending substantive matters all hinge on this court's construction of the '533 patent. Recognizing the significance of this determination, defendant requests that the court stay determination of these final issues in favor of granting interlocutory appeal of the issue of

5

patent construction pursuant to 28 U.S.C. § 1292(c)(2).

Title 28 U.S.C 1292(c) provides in pertinent part:

> (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--
> (1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title; and
> (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

The court finds that all the remaining matters, including the determination of wilfulness, speak solely to the scope of damages and are distinct from the issue of liability, making this case ideal for interlocutory appeal. In <u>Mendenhall v. Barber-Greene Co.</u>, the Federal Circuit explicitly held that the purpose of § 1292(c)(2) is to allow district courts to stay determination of damages in favor of allowing interlocutory appeals of patent construction and infringement determinations. <u>See</u> 26 F.3d 1573, 1581 (Fed. Cir. 1994). Furthermore, the decision of whether to stay or proceed with the determination of damages pending such an appeal is within sound discretion of the district court. <u>See</u> <u>Tate Access Floors, Inc. v. Interface Architectural Res., Inc.</u>, 35 Fed. Appx. 884, 884-85 (Fed. Cir. 2002). This court concludes that certification of the issue of liability, specifically patent construction, for interlocutory appeal is proper, primarily in

6

order to conserve judicial resources which would inevitably be squandered should the Federal Circuit construe the '533 patent under defendant's analysis as a garment patent as opposed to a patent upon a fabric.

### III. CONCLUSION

Therefore, the undersigned recommends that the court GRANT plaintiff's motion for summary judgment, filed on June 28, 2002, finding solely that defendant has infringed plaintiff's '533 patent.

Furthermore, to the extent defendant's motion for summary judgment remains pending on the court's docket, where defendant's claims interpretation was subsequently rejected by the court's May 22, 2002 order, the same should be denied as MOOT.

It also is recommended that defendant's motion for entry of final judgment filed October 29, 2002, should be GRANTED. Specifically, the undersigned recommends that the court enter final judgment as to defendant's liability/infringement, and stay consideration of the scope of damages (including willfulness) and plaintiff's motion to strike, pending appeal under 28 U.S.C. § 1292(c)(2) to the Federal Circuit Court.

SO RECOMMENDED, this 3rd day of February, 2003.

LOUISE W. FLANAGAN
United States Magistrate Judge