IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:00-CV-127-H(4)

DOMESTIC FABRICS CORPORATION, )
)
    Plaintiff, )
)
)
v. ) **ORDER**
)
)
SEARS, ROEBUCK & CO., )
)
    Defendant. )

FILED
MAR 11 2003
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

This matter is before the court on the defendant's motion to reopen discovery for the limited purposes and stay this court's ruling on Magistrate Judge Louise W. Flanagan's Memorandum and Recommendation ("M&R") filed on February 4, 2003, in order to allow such discovery.

I.  **Motion to Reopen Discovery**

Defendant seeks to reopen discovery in order to depose one of plaintiff's former employees who now claims to have been an inventor of the patent at issue in this litigation. This court has the discretion to reopen discovery if it determines good cause to be shown. As outlined by the Tenth Circuit, many courts analyze the following factors when making such a determination:

    (1) is trial imminent;
    (2) is the request opposed;
    (3) would the nonmoving party be prejudiced;
    (4) was the moving party diligent during the discovery period;
    (5) was the request foreseeable based on the

SCANNED

time line set forth by the court; and,
(6) will the new evidence be relevant to the stated inquiry.

See Smith v. U.S., 834 F.2d 166, 169 (10th Cir. 1987).

The court finds that defendant's request must be denied for several reasons: (1) this litigation began over two and one-half years ago; (2) the discovery period in this case has been extended several times at the behest of the parties; (3) in essence, the substantive trial has already occurred because the Markman determination has been conducted and a finding of liability has been entered; (4) the plaintiff would unquestionably be prejudiced by this action; (5) the defendant's assertion concerning the veracity of plaintiff's former employee's "new evidence" is highly questionable and unsupported by affidavit; and, (6) the issue of patent inventorship will not change the underlying inquiry before this court, i.e. whether Sears' conduct constituted infringement. Therefore, defendant's motion to reopen discovery is DENIED. Defendant's motion to stay this court's ruling on Magistrate Judge Flanagan's M&R in order to allow this discovery is DENIED as MOOT.

## II. Magistrate Judge Flanagan's Memorandum and Recommendation

Upon full and careful review of the M&R and all available court documents, the court finds that the findings and conclusions of the magistrate judge are in all respects proper and in accordance with the law. Accordingly, the court hereby ADOPTS the M&R as its own, and defendant's motion for entry of final judgment filed October 29,

2

2002, is GRANTED solely as to liability/infringement. Plaintiff's motion to set aside the M&R is DENIED. Furthermore, consideration of the scope of damages (including willfulness) and plaintiff's motion to strike is stayed pending appeal of the liability/infringement judgment under 28 U.S.C. § 1292(c)(2) to the Federal Circuit Court.

This 11th day of March, 2003.

MALCOLM J. HOWARD
United States District Judge

At Greenville, NC
#4